## FINCHER *v.* WILSON.

1. Three grounds of the motion for new trial, criticising certain excerpts from the court's charge to the jury, are without merit, as the excerpts are merely incomplete statements of propositions, and it is impossible from reading them alone to determine what the charge actually was upon the questions submitted.

2. The other criticised excerpt from the charge is not entirely accurate; but the verdict will not be set aside on that ground, in view of the evidence in the case.

3. The evidence authorized the verdict.

NOVEMBER 16, 1916.

Complaint. Before Judge Searcy. Butts superior court. August 19, 1915.

Mrs. Ella Wilson brought suit upon a promissory note against E. A. Fincher, the maker thereof. The plaintiff and defendant were sister and brother, and heirs of J. L. Fincher, deceased. The other heirs were his widow, Mrs. Sarah Fincher, and J. T. and A. C. Fincher. The children and mother entered into an agreement in which, after reciting that the estate of J. L. Fincher consisted of certain notes, accounts, and personal property made up of household goods, farm tools, etc., and of certain described real estate, it was stipulated that the children agreed that all rents, proceeds, and income from the property of J. L. Fincher should accrue to the widow, their mother, for her support during her life. On the part of Mrs. Fincher it was agreed that she accepted this in lieu of dower or year's support. In the same writing the children agreed that in case the income of the estate of J. L. Fincher should not be sufficient to maintain their mother, then the land was subject to any of her necessary expenses. This agreement was signed by the children of J. L. Fincher and his widow. E. A. Fincher executed to Mrs. Wilson the promissory note sued on in this case. He pleaded in defense, that there was a failure of consideration; that certain notes of the estate were to be delivered up to him, which had never been done; that the note was executed under a mistake, inasmuch as the children thought they had the right to divide the personal estate, notes, accounts, etc., among themselves, and they did not have this right, as the widow had not assented thereto. Upon the trial the jury found for the plaintiff, and a motion by the defendant for a new trial was overruled.

*W. E. Watkins* and *Smith & Russell,* for plaintiff in error.

*C. L. Redman,* contra.

BECK, J. (After stating the foregoing facts.) The original motion for a new trial contains the usual general grounds. The first ground of the amendment to the motion consists merely of a complaint that the verdict is contrary to the evidence, though it sets out in some detail the grounds upon which this contention is based.

1. In the second special ground of the motion error is assigned upon the following charge of the court to the jury: "These are the pleas of the defendant in the case." This is criticised upon the ground that it is prejudicial to the defendant, and limits the defense set up, etc. Manifestly such an exception is without merit. The portion of the charge excepted to states no proposition of law, and is without meaning, disconnected as it is from the other portions of the charge referred to. And the next ground, complaining of the charge that "If he does not, it would be good, and the plaintiff would be entitled to recover," is without merit for the same reason.

Again, error is assigned upon the following charge: "If there would be any litigation over the estate, that would mean and could only mean litigation against the estate of J. L. Fincher by which the value of the estate was reduced so as to reduce the interest or distributive share of Mrs. Wilson, etc." The "etc." represents the balance of a sentence which it was necessary to have stated in order to fairly state the complete proposition of law as it was actually submitted by the court in his instructions; and consequently this assignment of error raises no question for determination.

2. The remaining excerpt from the charge criticised is not entirely accurate; but the verdict will not be set aside on that ground, in view of the evidence in the case.

3. The evidence authorized, if it did not demand, the verdict. The defendant does not deny executing the note. The note was given to the sister, who was not indebted to the estate, for the purpose of making her share of the distribution equal to that received by the others. The maker of the note was indebted to the estate about $700 or $800. If the notes which the plaintiff claimed should have been turned over to him had not actually been turned over to him, it was through no fault of the sister to whom this note was given, and there was no burden resting upon her to take steps to

have the notes delivered. She took the defendant's note as a part of her share in the personalty, and in taking it necessarily surrendered other rights in the estate,—rights that may now be entirely lost or put in jeopardy in case she is defeated in this suit and relegated to the enforcement of her rights as they originally existed. The defendant pleaded that the note sued on was given "in a settlement, in which there was a mistake, in that the said heirs mistook their authority to settle the affairs of the estate of J. L. Fincher among themselves." In his testimony the defendant said: "There was to be no litigation in consideration of the settlement; . . that he would not pay the note for the reason that there was litigation on the estate. Witness [the defendant] has been connected with the litigation. Did not tell W. J. Wood that he owed Mrs. Wilson this amount, and that it was an honest debt which he intended to pay. . . By litigation was meant that there was to be no administration on that amount of stuff." This quotation contains all that the plaintiff, when testifying in his own·behalf, said in regard to litigation which arose and on account of which he refuses to pay the note. But he does not show how he labored under a mistake, or what was the nature of the mistake; and when we examine the evidence as to the litigation which he refers to, we find that it consisted of a suit by Mrs. Sarah Fincher against J. T. Fincher, who was the administrator, and was based upon a cause of action that could in no way affect the settlement which had been made between the heirs, as it was a suit against J. T. Fincher individually, and for the rents of lands, the use of which during her life had been given to her under the agreement set forth above, and which she expressly ratifies, because she sets it forth as the basis of her suit; and the rents which she sues for were for the years 1914, 1913, and 1912, being for the use of the lands after the date of the agreement. Litigation between Mrs. Sarah Fincher and J. T. Fincher individually in no way affected any settlement between the heirs, and could not be used as a basis of a refusal to pay the note which this defendant had given. *Judgment affirmed. All the Justices concur.*